IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| IN RE | § § | |
| CLIFFORD POLLARD TURNER | § § § | MISC. NO. C-07-019 |

**MEMORANDUM AND RECOMMENDATION TO
DENY MOTION TO PROCEED *IN FORMA PAUPERIS*** 

Movant is a state prisoner currently incarcerated at the Montford Unit in Lubbock, Texas. Pending is his tenth motion to proceed *in forma pauperis*. (D.E. 22). For the reasons stated herein, it is respectfully recommended that the Court deny this motion.

## I. BACKGROUND

Proceeding *pro se*, movant filed his first motion on February 15, 2007. (D.E. 1). On February 20, 2007, he was ordered to file a copy of his inmate trust fund account statement as well as a copy of the complaint or petition in his action. (D.E. 2). On March 6, 2007, he filed a copy of his inmate trust fund account statement. (D.E. 3). On March 8, 2007, he filed a second motion to proceed *in forma pauperis*. (D.E. 4).

On March 21, 2007, this Court issued an Order to Show Cause why movant's action should not be dismissed for want of prosecution, or alternatively,

for movant to correct the deficient pleading. (D.E. 6). On April 2, 2007, petitioner filed his third motion to proceed *in forma pauperis*. (D.E. 7). However, he again failed to file a complaint or a petition concerning his action.

On April 19, 2007, a memorandum and recommendation was issued recommending that the movant's action be dismissed. (D.E. 8). Indeed, it was unclear who movant sought to sue. In his first and third motions, he had named the United States Department of Justice as the defendant. (D.E. 1, 7). In his second motion, he named the United States Bankruptcy Court as the defendant. (D.E. 4). Moreover, he listed an unknown case number in each motion: 5:06-CV-0089-C. However, this was not a case number from this Court involving the movant. Consequently, dismissal was recommended because movant failed to respond to this Court's orders and failed to file a complaint or petition concerning his action. (D.E. 8, at 2-3). On June 4, 2007, movant filed his fourth motion to proceed *in forma pauperis*. (D.E. 9).

On July 6, 2007, the Court adopted the recommendation of April 19, 2007. (D.E. 10). Final judgment was entered that same day. (D.E. 11). A notice of appeal was never filed.

On July 10, 2007, and November 5, 2007, movant filed his fifth and sixth motions to proceed *in forma pauperis*. (D.E. 12, 13). On November 7, 2007, a

memorandum and recommendation was issued recommending that these motions be denied. (D.E. 14). On December 14, 2007, petitioner filed his seventh motion to proceed *in forma pauperis*. (D.E. 16). On December 17, 2007, the Court adopted the recommendation of November 7, 2007, denying movant's fifth and sixth motions. (D.E. 17). On January 11, 2008, movant filed his eighth application to proceed *in forma pauperis*. (D.E. 18). On January 15, 2008, the Court denied his motion. (D.E. 19). On March 14, 2008, movant filed his ninth application to proceed *in forma pauperis*. (D.E. 20). On March 17, 2008, a memorandum and recommendation was issued recommending that his seventh and ninth motions to proceed *in forma pauperis* be denied. (D.E. 21).

Like all of his other filings, movant's pending motion does not include a petition or a complaint. His pending motion to proceed *in forma pauperis* indicates that he is suing the United States Department of Justice, but provides no information on the basis of his claim. (D.E. 16, at 1; D.E. 20, at 1).

## II. DISCUSSION

Final judgment has been entered in this action. Movant's pending motion to proceed *in forma pauperis* does not provide a basis for reopening the case. See generally Fed. R. Civ. P. 60(b). He has provided no new information that was

unavailable to him when he originally filed his action that warrants relief from final judgment.

Movant has still not filed a copy of the petition or complaint in his action. This pleading is necessary to determine whether this Court has jurisdiction over his action. It is unclear on the pleading why this Court should entertain a claim against the Department of Justice, which is located in the District of Columbia. Additionally, movant was incarcerated in Lubbock, Texas at the time he filed this action, which is located in Lubbock County. Venue for Lubbock County would have been in the Lubbock Division of the Northern District of Texas. It is unclear from the pleadings why venue would be proper in this Court. See 28 U.S.C. § 1391.

More important, federal law requires that all civil litigation against governmental entities by prisoners be screened. 28 U.S.C. § 1915A(a). The nature of his claim or claims against the Department of Justice remains unclear. Without a complaint, or a petition, this screening cannot be done.

### III.  RECOMMENDATION

For the foregoing reasons, it is therefore respectfully recommended that movant's motion to proceed *in forma pauperis*, (D.E. 22), be denied.

Moreover, it is respectfully recommended that movant be barred from filing any additional motions to proceed *in forma pauperis* in this Court unless he files a current copy of his inmate trust fund account statement with the motion as well as a completed copy of his habeas petition or civil complaint.  It is respectfully recommended that the Clerk of the Court be instructed to return to movant any filings that do not conform to this requirement.

Finally, it is respectfully recommended that, should the Court adopt this recommendation, the denial be characterized as one described by 28 U.S.C. § 1915(g) as frivolous, and that the Clerk be directed to provide a copy of the order of dismissal to: **District Clerk for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas, 75702, Attention: Betty Parker.**

Respectfully submitted this 28th day of March 2008.

_____
BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(C); Rule 72(b) of the Federal Rules of Civil Procedure; and Article IV, General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within **TEN (10) DAYS** after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).